IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,596-01




EX PARTE FLOYD BRYANT WARE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2007-97-C2 IN THE 54TH DISTRICT COURT
FROM MCLENNAN COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to fifteen years’ imprisonment. He did not appeal his conviction. 
            Applicant contends that his plea was involuntary because counsel wrongly advised applicant
about the applicable range of punishment. Applicant, who was indicted for a second-degree felony,
contends that counsel told him that he could face sixty years’ imprisonment if he took his case to
trial. The habeas record contains no response from the State, no findings from the trial court, and no
record that Applicant was admonished in accordance with Article 26.13 of the Code of Criminal
Procedure. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant’s trial counsel addressing his allegations. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that his plea was involuntary. Specifically, the trial court shall make findings as to whether
counsel advised Applicant as to the appropriate range of punishment and whether the court
admonished him under Article 26.13 of the Code of Criminal Procedure. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 3, 2010
Do not publish